

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2010

# Aurora Lopez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Aurora Lopez v. Atty Gen USA" (2010). *2010 Decisions.* Paper 1652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1596
_____

AURORA LOPEZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-048-909)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed March 24, 2010 )
_____

OPINION
_____

PER CURIAM

    Aurora Lopez, a citizen of Guatemala, petitions for review of a Board of

Immigration Appeals ("BIA") order denying her application for cancellation of removal.

The Government has filed a motion to dismiss the petition for lack of jurisdiction.

I

Lopez was charged as removable and appeared before the Immigration Judge ("IJ") in 2007. She admitted to three of the four charges against her and conceded removability, but sought cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b) (2006). As grounds for relief, Lopez testified that her removal to Guatemala would create an exceptional and extremely unusual hardship on her son, Onar, an American citizen who was 20 years old at the time of the removal hearing.

The IJ denied relief, reasoning that, although Lopez satisfied the other requirements for cancellation of removal, she failed to demonstrate that her removal would impose an exceptional and extremely unusual hardship on her son. The BIA agreed and dismissed Lopez's appeal. Lopez then filed a petition for review, which prompted the Government's motion to dismiss.

II

Pursuant to the REAL ID Act of 2005, courts lack jurisdiction to review the denial of discretionary relief, including cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B). Whether the United States citizen child of an alien will suffer "exceptional and extremely unusual hardship," as required for cancellation of removal, is precisely such a discretionary determination. See INA § 240A(b)(1)(D); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). Accordingly, we lack jurisdiction to review the Agency's decision that Lopez failed to demonstrate exceptional and extremely unusual

2

hardship.

Nevertheless, we retain jurisdiction to review constitutional claims and questions of law raised in a petition for review. See § 1252(a)(2)(D). In her counseled petition for review, Lopez raises three arguments to avoid the jurisdictional bar. The Government counters that we lack jurisdiction because Lopez's purported questions of law are not colorable and she instead essentially takes issue with the IJ's and BIA's exercise of discretion. For the reasons discussed below, we agree with the Government and will dismiss the petition for review on that basis.

First, Lopez contends that the IJ misapplied the standard for determining whether she demonstrated an exceptional and extremely unusual hardship. In making that determination, an IJ must consider hardship factors in the aggregate. See Matter of Monreal-Aguinaga, 23 I&N Dec. 56, 63-64 (BIA 2001) (discussing the factors the Agency should consider in assessing an exceptional and extremely unusual hardship). Lopez contends that the IJ failed to consider the aggregate factors in her case, but instead focused on the fact that Onar's father, who lives near him in New Jersey, could provide him with support. Lopez's argument lacks merit. Both the IJ and BIA expressly considered a range of factors – including Onar's age, education, ability to work, and support from other relatives, including his father, who lived nearby – in determining that the requisite hardship had not been demonstrated.

Second, Lopez argues that, in denying relief, the BIA improperly considered that

3

her son "aged out" during the pendency of her appeal, as he turned 21 during that time. Her argument is vague and somewhat confusing, as she seems to use "aged out" in an inapt context. At most, we can read her use of the term "aged out" to suggest that the Board wrongly determined that her son was not a qualifying relative because cancellation applications may not be based on hardship to United States citizen children aged 21 or older. See 8 U.S.C. § 1101(b)(1) (defining a child as an unmarried person under 21 for purposes of the INA); Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1144-45 (9th Cir. 2002) (holding that a person 21 years of age or older is not a "child," for purposes of cancellation of removal). In its opinion, the BIA simply noted that Onar "was 20 years of age at the time of the hearing below and turned 21 during the course of this appeal." A.R. 2. We agree with the Government that this passing reference to Onar's age provides no basis to conclude that the Board denied relief on that basis.

Finally, Lopez argues that the BIA violated her constitutional right to due process by failing to adhere to Board precedent, instead "interpret[ing] the law in any willy nilly way it wants." Brief for the Petitioner, 6. However, Lopez fails to provide any useful elaboration on this claim. See id. at 5-6. In concluding that Lopez failed to demonstrate an exceptional or extremely unusual hardship, the BIA cited two precedential opinions – Matter of Monreal-Aguinaga, and Matter of Andazola-Rivas, 23 I&N Dec. 319 (BIA 2002) – both of which discuss the standard for demonstrating such a hardship. There is plainly nothing improper about the Board's reliance on these cases, and nothing in the

4

record supports Lopez's vague contention that the BIA ran afoul of the legal standards set forth in those cases – or any other controlling law – in denying her request for cancellation of removal.

Accordingly, we will dismiss the petition for review.